## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KATHERINE GREGORY-LABRADOR,  )
           )
      Plaintiff,  )
           )  CIVIL ACTION
v.            )
           )  No. 06-4080-JAR-JTR
           )
JO ANNE B. BARNHART,    )
Commissioner of Social Security, )
           )
      Defendant.  )
_____)

### REPORT AND RECOMMENDATION

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) refusing to reopen plaintiff's first application for supplemental security income (SSI) and disability insurance benefits (DIB), and denying benefits based upon subsequent applications.  The matter has been referred to this court for a report and recommendation.

The Commissioner filed a Motion to Dismiss (Doc. 3) and plaintiff filed a response seeking remand for a hearing or for proper reconsideration notice.  (Doc. 8).  The motion to dismiss is now ripe, and the court is prepared to make a recommendation

regarding the motion and the disposition of this case.  The
Commissioner argues the court is without jurisdiction to review
any determination of the Commissioner which is not a final
decision made after a hearing.  (Doc. 4).  Therefore, the
Commissioner argues that the court is without jurisdiction to
review either the determination that the prior decisions
constitute administrative res judicata, or the denial of
plaintiff's request to reopen the prior application.  Id.
Plaintiff's responsive brief claims that the Social Security
Administration never provided her with adequate notice regarding
the disposition of her first application, that the application is,
therefore, still pending before the Commissioner, and that
plaintiff "is entitled to a hearing, although it has been some ten
years since the request for hearing was forwarded." (Doc. 8, at
2).  The court finds jurisdiction based upon plaintiff's
allegation of a colorable constitutional claim and recommends the
case be REMANDED for an evidentiary hearing for determination of
the factual circumstances surrounding the denial of plaintiff's
first application and of whether constitutionally adequate notice
was provided in the circumstances.

-2-

42 U.S.C. § 405(g) is the only basis for judicial review of the Commissioner's determinations pursuant to the Social Security Act, and limits such review to only final decisions made after a hearing. <u>Califano v. Sanders</u>, 430 U.S. 99, 107-09 (1977). The Commissioner's determination not to reopen a prior application is not a final decision within the meaning of the Social Security Act and, absent a colorable constitutional claim, the United States Courts are without subject-matter jurisdiction to review such determinations. <u>Id.</u> at 109. Likewise, absent a colorable constitutional claim, the United States Courts are without jurisdiction to review the Commissioner's determination that administrative <u>res judicata</u> applies to a claim with the same factual basis as a prior claim. <u>Blair v. Apfel</u>, 229 F.3d 1294, 1295 (10th Cir. 2000).

Here, the Commissioner asserts that plaintiff filed an application for DIB which was denied at the initial determination level on Aug. 9, 1993. (Doc. 4, at 1-2). Plaintiff requested an Administrative Law Judge (ALJ) hearing without seeking reconsideration and the ALJ subsequently dismissed plaintiff's request on May 25, 1995 and sent the case to the state agency for reconsideration determination. <u>Id.</u> at 2. The reconsideration

-3-

determination resulted in a denial of benefits on Sept. 5, 1995, and no appeal was taken. Id. Plaintiff made five additional applications on Dec. 30, 1996; Jan. 27, 1997; Oct. 8, 1998; Oct. 16, 1998; and Aug. 12, 2002, each of which was denied initially without further appeal. Id. On Jan. 15, 2004, plaintiff filed her seventh application for DIB which was denied initially on Jan. 20, 2004, and on reconsideration on Feb. 16, 2004. Id. at 2-3. Plaintiff requested a hearing on Mar. 6, 2004, and the ALJ issued an order on Nov. 22, 2005 in which she found plaintiff's request for hearing was in fact a request to reopen a prior decision. Id. at 3. She did not reopen the prior decision, and dismissed the hearing request. Id. (citing Ex. 11). Plaintiff requested Appeals Council review of the dismissal order and her request was denied on May 23, 2006 without being advised of a right to judicial review. Id.

    Plaintiff's view of the facts is somewhat different. In her complaint, plaintiff asserted that she applied for DIB and SSI in 1995, and her applications were denied initially and upon reconsideration. (Doc. 1, at 1). She asserted that she subsequently requested a hearing which was held on Aug. 15, 1995, and never resulted in a decision, but was returned for

-4-

clarification and was "either re-evaluated without notice to the claimant or simply denied without notice to the claimant." Id. at 1. Plaintiff implied that she attempted to keep the issue alive by reapplying in the intervening years until she secured present counsel who identified the failure to provide notice, requested Appeals Council review of the "no decision," and was denied. Id. at 1-2.

In her response to the Commissioner's motion, plaintiff asserted that the ALJ issued a decision in 1995 remanding the case to the Kansas state agency "to complete certain actions as required and advised the client of reconsideration determination and provided for, if necessary, an appeal of its decision." (Doc. 8, at 1). Plaintiff asserts that actions required by the ALJ's decision for remand were not completed and the state agency "merely said they had reviewed the medical consultant's report and denied any further action." Id. In an unclear argument, plaintiff claimed she "never has received notice that the reconsideration was done," that "no notice of reconsideration from the Administrative Law Judge was ever given to the claimant," that "the Social Security Administration has never notified the claimant that her original Motion for Hearing was granted," and

that, "Without this notice, the matter is still pending on the claimant's request for hearing," and that "Therefore, the matter is still pending and the request for hearing is still pending before the Administrative Law Judge." Id. at 2.  The Commissioner did not file a reply brief.

It is clear from plaintiff's complaint and from her responsive brief that plaintiff is claiming she did not receive constitutionally adequate notice of the Commissioner's determinations on her first applications for DIB and SSI.  This constitutes a constitutional claim of a lack of due process.  Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  The Tenth Circuit has addressed the requirements of due process in a case remarkably similar to this.

> When the name and address of an interested party is
> known, due process requires notice by mail or equivalent
> means designed to tender actual notice.  See Mennonite
> Bd. of Missions v. Adams, 462 U.S. 791, 798-800, 103 S.
> Ct. 2706, 77 L. Ed. 2d 180 (1983).  This court has held,
> however, that "due process does not require that the
> interested party actually receive the notice." In re
> Blinder, Robinson & Co., 124 F.3d 1238, 1243 (10th Cir.

       1997);   see also United States v. 51 Pieces of Real
       Prop., 17 F.3d 1306, 1316 (10th Cir. 1994).

Costello v. Barnhart, 125 Fed. Appx. 920, 922, 2005 WL 165446 at

*2 (10th Cir. 2005)

      The facts as alleged by the Commissioner and as alleged by

plaintiff are substantially different.  Plaintiff provides no

affidavits or exhibits to support her version of the facts.  The

Commissioner, however, provides an affidavit and documentary

exhibits whereby she attempts to support her version.  See

Attachment A and Exhibits 1-13 filed with the Commissioner's

memorandum.

      The Commissioner supports her position by arguing that the

ALJ dismissed the hearing on the first application and returned

the case to the state agency, and the state agency issued an

unfavorable reconsideration determination which plaintiff did not

appeal.  (Doc. 4, at 2)(citing Ex. 1)(Exhibit 1 of the

Commissioner's submissions is a nine-page "DIB Review Sheet"

purporting to show the history and disposition of plaintiff's

numerous applications for DIB.  There is no "SSI Review Sheet" and

no affidavit regarding SSI applications, if any.)  Notably lacking

from the Commissioner's submissions is a copy of notice provided

-7-

to plaintiff regarding the ALJ's dismissal order or the
unfavorable reconsideration determination allegedly made on the
first application.  Nor is there any evidence based upon personal
knowledge of mailing of notice to plaintiff or personal knowledge
of customary mailing practices at the time relevant and in the
office or offices responsible for mailing these notices.

The Commissioner's submissions include a "Notice of
Dismissal" and "Order of Dismissal" signed by the ALJ on Nov. 22,
2005 (Ex. 11), and a "Notice of Appeals Council Action," dated May
23, 2006.  (Ex. 13).  In the "Order of Dismissal," the ALJ stated
the file had "long since been purged" and that she had reviewed
the Commissioner's computer records.  (Ex. 11 at 4).  The ALJ
found that an ALJ had issued an administrative dismissal on May,
25, 1995, that a (reconsideration?) determination was updated in
Sept. 1995, and that plaintiff did not appeal the actions and did
not request reconsideration of the three intervening initial
denials.  Id.  She found plaintiff's current claim was properly
denied on the basis of res judicata and that the refusal to reopen
was proper and does not justify a hearing, and she dismissed
plaintiff's request for hearing.  Id.  The ALJ held no evidentiary
hearing, had no evidence regarding the 1995 actions of the

Commissioner except for the computer records, and did not discuss whether constitutionally adequate notice of the 1995 dismissal order or of the reconsideration determination was provided to plaintiff. (Ex. 11). The Appeals Council did not discuss these due process issues either. (Ex. 13).

The import of these facts is that plaintiff has presented to this court a potentially colorable constitutional claim given plaintiff's unchallenged assertion that she did not receive adequate notice. Therefore, the court has jurisdiction to consider this alleged due process violation.

The issue framed by plaintiff's appeal is evidentiary in nature. Although the court has jurisdiction to address the constitutional question, the underlying fact-finding upon which the court may make its determination is within the province of the Commissioner. Shrader v. Harris, 631 F.2d 297, 302 (4th Cir. 1980) (citing Califano v. Sanders, 430 U.S. 99, 109 (1977). Therefore this case should be remanded to the Commissioner in order to conduct an evidentiary hearing and to make findings as to what happened regarding plaintiff's first application, and whether plaintiff received a copy of the dismissal order and/or the reconsideration notice. At that hearing, the Commissioner would

-9-

have an opportunity to present evidence that would permit a reasonable inference that the notices were actually mailed to the plaintiff.  Testimony or an affidavit of personal knowledge of such mailing, or testimony regarding customary mailing practices would be necessary to permit an inference that the item was properly addressed, had sufficient postage and was actually mailed.  Davis v. U.S. Postal Serv., 142 F.3d 1334, 1340 (10th Cir. 1998).  If the Commissioner determines that plaintiff did not have constitutionally adequate notice of the reconsideration denial, she must reopen the first application and provide a hearing on the merits.  If the Commissioner determines that notice was actually mailed to the plaintiff or that plaintiff otherwise had reasonable notice of the 1995 denial she need take no further action.

     **IT IS THEREFORE RECOMMENDED** that the Commissioner's Motion to Dismiss (Doc. 4) be DENIED and that judgment be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case to the Commissioner for an evidentiary hearing as discussed more fully above.

     Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C.

§ 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the

parties may serve and file written objections to this

recommendation within ten days after being served with a copy.

Failure to timely file objections with the court will be deemed a

waiver of appellate review.  <u>Hill v. SmithKline Beecham Corp.</u>, 393

F.3d 1111, 1114 (10th Cir. 2004).

     Dated this 6th day of December 2006, at Wichita, Kansas.


          s/John Thomas Reid
          **JOHN THOMAS REID**
          **United States Magistrate Judge**